# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

SCOTT ALLEN FOSTER,

    Plaintiff,

v.                                                                                                                                  No. 18-cv-428 JCH-LF

HOWELL PHIL CAROLAND, *et al*,

    Defendants.

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Scott Allen Foster's Prisoner Civil Rights Complaint (Doc. 3). Plaintiff is incarcerated and appears *pro se*. He alleges the sheriff deputies involved in his state drug trafficking case lied under oath and were not certified police officers. Having reviewed the complaint *sua sponte* under 28 U.S.C. § 1915A, the Court will dismiss Plaintiff's claims with prejudice.

## Background

This case arises from Plaintiff's state convictions for trafficking a controlled substance and conspiracy to traffic a controlled substance. (Doc. 1 at 11). On November 16, 2012, undercover officer Kandi Garcia[1] and a confidential informant went to a Clovis residence with a hidden camera and attempted to purchase cocaine. *Id.* According to Plaintiff, he stated he did not sell drugs, and the visitors left after five or six minutes. *Id.* The State disagreed and convened grand jury proceedings, where Deputy Sheriff Phil Caroland testified that Garcia purchased drugs from Plaintiff in a back room of the house.[2] *Id.* at 21, 24, 67. Plaintiff alleges this testimony was false

---

[1] The Complaint sometimes refers to Kandi Garcia as "Kandi Davis Garcia" or "Kandi Davis." For clarity, the Court will use Garcia.
[2] Based on the exhibits attached to the Complaint, it appears Caroland testified in place of Garcia because

and that the hidden camera reflects "no drug deal anywhere on video." *Id.* at 20-21. However, later in the Complaint, Plaintiff alleges the video footage was modified and fabricated. *Id.* at 26. In any event, the grand jury indicted Plaintiff. *Id.* at 11, 67. The attachments to the Complaint reflect that Caroland signed an Affidavit for Arrest Warrant on June 3, 2013, which attachment the indictment. *Id.* at 67. The state judge issued a warrant, and Plaintiff was arrested on August 8, 2013. *Id.* He proceeding to trial, where the State allegedly withheld evidence about the confidential informant's illegal activities. *Id.* at 25. A jury convicted Plaintiff of both charges in 2014. *Id.* He believes the conviction is attributable to Caroland's false testimony and ineffective assistance of counsel. *Id.* at 21-22.

Following an unsuccessful appeal, Plaintiff filed a state habeas petition and hired private investigators to examine the circumstances surrounding his arrest. (Doc. 1 at 12). During that process, Plaintiff allegedly learned Caroland and Garcia were not "commissioned or certified police officers in Curry County." *Id.* at 9, 13, 23. Investigators were unable to find "commission cards" on file for Caroland or Davis at the Curry County Clerk's Office or the New Mexico Department of Safety. *Id.* at 13. Plaintiff further alleges that during a deposition, Caroland admitted that his application for employment with the Curry County Sheriff Department was not in his handwriting. *Id.* at 14.

Plaintiff attached the deposition transcript to his Complaint. During the deposition, Caroland clarified that he applied to, and worked at, the Curry County Sheriff's Department (CCSD) during two separate periods in his life. *Id.* at 33. He did not recognize the handwriting on the application relating to his first period of employment in 1997. *Id.* However, he confirmed

---

Garcia quit working at the police department shortly after the sting operation. (Doc. 1 at 41, 63).

he did in fact apply to CCSD in 1997, and he worked there for a "short amount of time" before he "went back to Albuquerque." *Id.* The transcript further reflects that Caroland reapplied to, and worked for, CCSD when Matt Murray won the election for County Sheriff. *Id.* Plaintiff's 2012 arrest occurred during this second period of employment, as evidenced by the fact that Murray is named as a Defendant and the "Sheriff of Curry County." *Id.* at 9. Caroland went on to testify that he graduated from the Police Academy and had the proper commission to work as a Curry County Sheriff Deputy. *Id.* at 33-34. It appears Garcia died after Plaintiff's arrest and was not deposed. *Id.* at 32. However, Caroland testified she was an officer from the Portales Police Department who regularly worked undercover for Curry County, as the Portales agency was a member of "the [Region 5 Drug] task force." *Id.* According to the report prepared by Plaintiff's private investigator, Garcia told the investigator that she was not deputized by the CCSD while working undercover, but that she "was working under the Region Task Force." *Id.* at 63.

Construed liberally, the Complaint raises constitutional claims for: (1) false arrest; (2) malicious prosecution; (3) due process violations based on trial misconduct and defects in the officers' certifications; and (4) failure to train and "certify" Caroland and Garcia. (Doc. 1 at 15-16). The Complaint names Caroland, Garcia, Curry County Sheriff Matt Murray, Lieutenant Curry County Sheriff Mike Reeves, and state prosecutors Ben Hermann and Laura Talbert. *Id.* at 9-10. The body of the Complaint also appears to assert claims against defense counsel Randall Harris. *Id.* at 22. Plaintiff seeks at least $3 million in damages. *Id.* at 18-19. He also seeks an injunction ordering Defendants to immediately produce: (1) Garcia's oath of office and law enforcement appointment; (2) Caroland's law enforcement certifications and Police Academy diploma; (3) the search warrant issued in Plaintiff's state criminal case; and (4) the original video

3

recording of the sting operation. *Id.* at 17-18.

## **Standards Governing *Sua Sponte* Review**

Section 1915A of Title 28 requires the Court to conduct a *sua sponte* review of all civil complaints filed while an individual is incarcerated. *See* 28 U.S.C. § 1915A(a). The Court must dismiss any inmate complaint that "fails to state a claim on which relief may be granted" or "seeks monetary relief from a defendant who is immune from such relief." *See* 28 U.S.C. § 1915A(b). The Court may also dismiss a complaint *sua sponte* under Rule 12(b)(6) if "it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing [plaintiff] an opportunity to amend [the] complaint would be futile." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991) (quotations omitted). In evaluating whether an *in forma pauperis* complaint states a plausible claim, the Court may "pierce the veil of the complaint's factual allegations" and consider other materials such as state court proceedings subject to judicial notice. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

Because Plaintiff is *pro se,* the Court liberally construes the factual allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520–21 (10th Cir. 1992). However, the pleadings are still judged by the same legal standards that apply to all litigants. *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994). The Court is not obligated to craft legal theories for the plaintiff or assume the role of advocate. *Hall*, 935 F.2d at 1110.

## **Discussion**

Plaintiff styles his Complaint as a civil rights action under 42 U.S.C. § 1983. (Doc. 1 at 8). "A cause of action under section 1983 requires the deprivation of a civil right by a 'person' acting under color of state law." *McLaughlin v. Bd. of Trustees*, 215 F.3d 1168, 1172 (10th Cir.

4

2000). The plaintiff must allege that each government official, through the official's own individual actions, has personally violated the Constitution. *See Trask v. Franco,* 446 F.3d 1036, 1046 (10th Cir. 1998). There must also be a connection between the official conduct and the constitutional violation. *See Fogarty v. Gallegos,* 523 F.3d 1147, 1162 (10th Cir. 2008); *Trask,* 446 F.3d at 1046.

The crux of Plaintiff's Complaint is that he was subjected to false arrest, malicious prosecution, and due process violations during his state criminal proceeding. He argues Caroland lied about the sting operation; that neither Caroland nor Garcia were qualified to investigate or provide testimony about the case; and that the State withheld evidence and/or presented false evidence at trial. These claims fail, for a variety of different reasons.

As an initial matter, prosecutors Hermann and Talbert are absolutely immune from suit for actions "taken in connection with the judicial process." *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976). This includes initiating a prosecution, presenting the State's case, evaluating evidence, and determining whether probable cause exists. *See Pfeiffer v. Hartford Fire Ins. Co.,* 929 F.2d 1484, 1490 (10th Cir. 1991); *Nielander v. Board of County Com'rs.,* 582 F.3d 1155, 1164 (10th Cir. 2009). Therefore, Plaintiff cannot maintain claims against Hermann or Talbert, even if the prosecutors proceeded without probable cause or withheld evidence. Any claims against Plaintiff's defense attorney, Randall Harris, are similarly barred. Public defenders and private defense attorneys do not act under color of state law within the meaning of § 1983. *See Polk Cty. v. Dodson*, 454 U.S. 312, 316 (1981); *Anderson v. Kitchen*, 389 Fed. App'x. 838, 841 (10th Cir. 2010) (applying the rule to private defense counsel).

As to the remaining Defendants, the only viable legal theory Plaintiff can pursue is

malicious prosecution. Where a § 1983 plaintiff is seized after the institution of legal process, and "arrested pursuant to a validly issued—if not validly supported—arrest warrant," the claim is properly analyzed under the malicious-prosecution standard. *Myers v. Koopman*, 738 F.3d 1190, 1195 (10th Cir. 2013). Because Plaintiff alleges he was arrested and tried pursuant to an improper warrant, and based on false testimony and evidence, the Court will therefore apply that standard. Malicious prosecution is not actionable unless the "original [case] terminated in favor of the plaintiff." *Wilkins v. DeReyes*, 528 F.3d 790, 799 (10th Cir. 2008). Plaintiff was convicted of all charges, and the conviction was affirmed on appeal. The malicious prosecution claim therefore fails.

Further, even assuming Plaintiff could assert a stand-alone claim for false arrest or due process violations based on false testimony or defective certifications, such claims would be barred by *Heck v. Humphry*, 512 U.S. 477, 487 (1994). *Heck* held that the Federal Court must dismiss a § 1983 damages claim that, if resolved in the plaintiff's favor, would necessarily imply the invalidity of his conviction. *Id.* at 487. Claims based on prosecutorial misconduct and withholding evidence clearly satisfy this standard. *See Baldwin v. O'Connor,* 466 Fed. App'x 717, 717 (10th Cir. 2012); *Murphy v. Willmore,* 752 Fed. App'x 653, 656 (10th Cir. 2018) (same). False arrest claims do not imply the invalidity of the claimant's conviction in every case. *See Laurino v. Tate,* 220 F.3d 1213, 1217 (10th Cir. 2002). However, the Tenth Circuit has found that *Heck* bars claims based on false arrest or false testimony where: (a) the plaintiff argues the "arrest was improper because he had not committed the alleged offenses," *Jackson v. Loftis,* 189 Fed. App'x. 775, 779 n. 1 (10th Cir.2006); and (b) "state officials [allegedly] relied on perjured testimony" to pursue a crime the plaintiff "insists never happened." *Crabtree v. Oklahoma*, 564

Fed. App'x 402, 404 (10th Cir. 2014). Here, a finding that Caroland lied to grand jury about the undercover drug-buy or that he and Garcia lacked authority to run the sting operation would necessarily negate Plaintiff's drug convictions. *Heck* therefore bars Plaintiff's claims.

Finally, the Court also notes that any § 1983 claims for false arrest, failure to train the detectives, or due process violations during the trial are time-barred. Section § 1983 violations occurring in New Mexico are governed by the three-year personal injury statute of limitations contained in N.M. Stat. Ann. § 37-1-8 (1978). *Varnell v. Dora Consol. Sch. Dist.*, 756 F.3d 1208, 1212 (10th Cir. 2014). *See also McCarty v. Gilchrist*, 646 F.3d 1281, 1289 (10th Cir. 2011) (The statute of limitations under § 1983 "is dictated by the personal injury statute of limitations in the state in which the claim arose."). "Claims arising out of police actions toward a criminal suspect, such as arrest, interrogation, or search and seizure, are presumed to have accrued when the actions actually occur." *Beck v. City of Muskogee Police Dep't,* 195 F.3d 553, 558 (10th Cir. 1999). *See also Wallace v. Kato,* 549 U.S. 384, 397 (2007) ("the statute of limitations upon a § 1983 claim seeking damages for false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process").

Plaintiff's Complaint and accompanying exhibits plainly reflect that the sting-operation took place in 2012; he was arrested in 2013; and a jury convicted him in 2014. (Doc. 1 at 11, 25, 67). The Complaint was filed more than four years later on May 7, 2018, and the action is therefore time-barred. *See Wilson v. Reid*, 781 Fed. App'x 789, 791 (10th Cir. 2019) (raising the time-bar *sua sponte* when screening plaintiff's Fourth Amendment false imprisonment claims). To the extent Plaintiff believes he "discovered" the basis for his claims in 2016 - when his attorney

7

deposed Caroland about the officers' certifications - this argument is unavailing. Plaintiff could have investigated the officers' credentials and discovered any defects before trial. More importantly, there is no authority suggesting that a technical defect in a police officer's certification credentials, such as the failure to file a commission of record, vitiates probable cause or otherwise rises to the level of a federal constitutional violation.[3] Thus, Plaintiff's claims arising from the alleged certification defects are without merit and do not establish tolling.

For the foregoing reasons, the Court concludes the Complaint fails to state a cognizable constitutional claim against any Defendant. The Complaint will be dismissed pursuant to 28 U.S.C. § 1915A. To the extent Plaintiff intended to preserve any pure state-law claims by stating: "the Court has supplemental jurisdiction over the plaintiff's state law tort claims…," the Court will declines to exercise jurisdiction and will dismiss those claims without prejudice.

## **Amendment Would be Futile**

Having determined the complaint must be dismissed, the Court will *sua sponte* consider whether to allow Plaintiff to amend the pleading. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). *Pro se* plaintiffs should normally be given an opportunity to remedy defects in their pleadings. *Id.* However, courts do not typically order an amendment when any amended claims would also be subject to immediate dismissal under Fed. R. Civ. P. 12(b)(6) or 28 U.S.C. § 1915. *See Bradley v. Val-Mejias*, 379 F.3d 892, 901 (10th Cir. 2004). Here, amending the Complaint would be futile for all of the reasons described above. As a matter of law, Plaintiff cannot recover

---

[3] This assumes such defects even existed in this case. Plaintiff's own exhibits contain testimony that Caroland was properly certified and commissioned. (Doc. 1 at 33-34). The testimony further reflects Garcia participated in the sting operation in her capacity as a Portales Police Officer and member of the Drug Task Force. *Id.* at 32, 63. Garcia did not participate in the grand jury proceedings or trial. *Id.*

money damages from the parties responsible for his arrest and prosecution, and the § 1983 claims are time-barred. Further, the Court cannot grant the nonmonetary relief, which all pertains to records requests in the state criminal action. A § 1983 action cannot be used as a substitute for discovery, and in any event, "[t]here is no constitutional right of access to government records." *Lanphere & Urbaniak v. Colorado*, 21 F.3d 1508, 1511 (10th Cir. 1994). Finally, Plaintiff cannot accomplish his primary goal (*i.e.,* attacking his state conviction) in this proceeding. Challenges to a state conviction and sentence must be brought as a 28 U.S.C. § 2254 habeas proceeding. *See McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997). The Court therefore declines to *sua sponte* order an amendment, which would be futile.

**IT IS ORDERED** that Plaintiff's civil rights claims under 42 U.S.C. § 1983 (**Doc. 1**) are **DISMISSED with prejudice** pursuant to 28 U.S.C. § 1915A; any pure state law claims raised in the Complaint are **DISMISSED without prejudice**; and the Court will enter a separate judgment consistent with this ruling.

_____
UNITED STATES DISTRICT JUDGE